81,011-02

Clerk, Abel Acosta:

CCA No. WR-81,011-02
Trial Court Case No. 2011F00156-A

Please. Present the enclosed Letter to
the court. I also ask that you present
the enclosed documentations and Mark Them
As Evidence on my behalf.

Thank you!

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 01 2015

Abel Acosta, Clerk

Respectfully submitted

Roy Dunwood Bristow #1894817
Choice Moore Unit
1700 Fm 87
Bonham, Texas
75418

To: The Honorable Court:

CCA. No WR-71,011-02
Trial Court No. 2011F00150-A

On 8-27-11 I was Arrested in Bowie County, Texas. I've remained in custody to date. I am presenting this court with evidence that the plea-Agreement Signed on 10-7-13 Has been Breached.

The Agreement signed clearly gives me credit For all time served since a specified date. 9-2-11

Please "mark this plea-Agreement as evidence." Under this plea-Agreement all motions For speedy Trial and Breach warrant would be void. This is spoke about openly in court.

Also Enclosed is a copy of the original Remanned order Dated June 4 2014 That the 5th District Court of Cass County Neglected.

Also Enclosing a letter sent on March 24, 2015 Asking For extension of time to produce A Supplemental Records on this matter as Remanded For a determination of Additional Facts.

On April 1, 2015 this Court granted a 90 Day extension of time to the 5th District Court of Cass County which they have Failed to Respond

I'm Asking this Court to Interpret this letter As a motion to order the 5th District Court of Cass County to comply with this Court original Remand order.

Respectfully Submitted

Roy D. Bristow

FILED FOR RECORD
CASS COUNTY, TEXAS
2013 OCT -7 P 4: 37

DEPUTY WILLIAMS
DISTRICT CLERK

BY_____DEPUTY

(Felony)

NO. _2011-F-00710 Count 1 & 2_

STATE OF TEXAS

V

Roy  D.  Bristow ✓✓✓

IN THE 5th DISTRICT COURT
FOR THE STATE OF TEXAS
SERVING BOWIE/CASS COUNTIES

## ADMONISHMENTS OF THE COURT
(Article 26.13 Code of Criminal Procedure) ✓✓✓

You are charged with the offense of _Unauthorized  use  of vehicle_ and you are admonished in connection with this matter as follows: _+ Criminal  Mischief_ ✓✓

1.  RANGE OF PUNISHMENT: If convicted, you could face the following range of punishment:

_____ FIRST DEGREE FELONY: a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may be imposed.

_____ SECOND DEGREE FELONY: a term of not more than 20 years or less than 2 years in the Institutional Division of the Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may be imposed.

__✓__ THIRD DEGREE FELONY: a term of not more than 10 years or less than 2 years in the Institutional Division of the Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may be imposed. ✓

_____ HABITUAL OFFENDER: a term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Department of Criminal Justice.

_____ FIRST DEGREE ENHANCED: a term of life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may be imposed.

_____ OTHER: _____

2.  NEGOTIATED PLEA AGREEMENT:

If a negotiated plea agreement has been reached between you and the state as to the punishment the state's attorney will recommend in exchange for your plea of guilty, you are admonished that the agreement and the recommendation of the prosecuting attorney as to punishment is not binding on the judge. The judge shall inquire as to the existence of any plea bargain agreement between the state and the defendant in open court and before any finding on your plea. If the Court rejects such agreement, you shall be permitted to withdraw your plea of guilty or nolo contendre and neither the fact that you have entered a plea of guilty or nolo contendre may be used against you on the issue of guilt or punishment in any subsequent criminal proceeding. ✓✓✓

3.  PERMISSION TO APPEAL:

If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the judge of this Court must give you permission before you may prosecute an appeal on any matter in this case except for those matters raised by written motions filed prior to trial. ✓✓

4.  NON-CITIZEN:

If you are not a citizen of the United States of America, a plea of guilty or nolo contendre for this offense may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. ✓

5.  DEFERRED ADJUDICATION:

If the Court defers adjudicating your guilt and places you on probation, on violation of any imposed conditions, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the Court of whether to proceed with an adjudication of guilt in the original charge. No appeal may be taken from the determination. After adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation and your right of appeal continue as if adjudication of guilt had not been deferred.

Given to the Defendant in open court in writing on this the _7th_ day of _Oct_, 20 _13_

_Ralph K Burgess_
Judge Presiding

I, the undersigned Defendant, acknowledge that I did receive the above admonishments in writing, in open court from the judge on this the _7th_ day of _Oct_, 20_13_. I have discussed this with my attorney, and I fully understand.

_____
DEFENDANT'S ATTORNEY

_Roy D. Bristow_
DEFENDANT

ARSON

NO. _2011-F-00150_

STATE OF TEXAS

v

_Roy D. Bristow_

IN THE 5ᵗʰ DISTRICT COURT

FOR THE STATE OF TEXAS

SERVING BOWIE/CASS COUNTIES

## PROPOSED PUNISHMENT RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

As the result of negotiations between the parties, and unless and until this recommendation is ~~superseded by a~~ subsequent proposal, it is understood by the undersigned that the Attorney for the State, upon Defendant's plea of guilty, will recommend to the Court that (check all that apply):

_____ It is recommended that the prosecution proceed only on Count _____.

__✓__ It is recommended that punishment be assessed at a term of _____ 8 yrs _____ in the Institutional Division of the Department of Criminal Justice.

_____ It is recommended that a fine of $_____ be imposed.

_____ It is recommended that the above-recommended sentence be suspended and that defendant be placed on probation for a period of _____ years.

_____ It is recommended that adjudication in this matter be deferred pursuant to Art. 42.12, C.C.P. for a period of _____ years.

_____ It is recommended that the following special terms of probation be imposed: _____
_____
_____
_____

_____ It is recommended that the Court consider the following unadjudicated offenses under Section 12.45 P.C.:
_____
_____

_____ It is recommended that prosecution proceed only on the lesser-included offense of:_____
_____

OTHER RECOMMENDATIONS: _Consider & dismiss unindicted Burglary_
_of a habitation from 2011. Credit for all time_
_served since 9-2-11. Run concurrent with 2011-F-00210_

## AGREEMENT

It is agreed by the Defendant, the attorney for the defendant, and the Attorney for the state that the punishment recommendations outline above may be considered by the Court when assessing punishment in this case.

Date of agreement: _____

_Tina M. Richardson_
ATTORNEY FOR STATE

_Roy D Bristow_
DEFENDANT

_Jz J. aust II_
ATTORNEY FOR DEFENDANT

## ORDER APPROVING AGREEMENT

The Court accepts and approves the foregoing agreement between the State and the Defense and will assess punishment within the range of the agreement.

_Ralph K Burgess_

NO. 2011-F-00210

STATE OF TEXAS

IN THE 5th DISTRICT COURT

v

FOR THE STATE OF TEXAS

_Roy D. Bristow_

SERVING BOWIE/CASS COUNTIES

## PROPOSED PUNISHMENT RECOMMENDATION

### TO THE HONORABLE JUDGE OF SAID COURT:

As the result of negotiations between the parties, and unless and until this recommendation is superseded by a subsequent proposal. it is understood by the undersigned that the Attorney for the State, upon Defendant's plea of guilty. will recommend to the Court that (check all that apply):

_____ It is recommended that the prosecution proceed only on Count _____

__✓__ It is recommended that punishment be assessed at a term of _____ 8yrs _____ in the Institutional Division of the Department of Criminal Justice.

_____ It is recommended that a fine of $_____ be imposed.

_____ It is recommended that the above-recommended sentence be suspended and that defendant be placed on probation for a period of _____ years.

_____ It is recommended that adjudication in this matter be deferred pursuant to Art. 42.12, C.C.P. for a period of _____ years.

_____ It is recommended that the following special terms of probation be imposed: _____

_____ It is recommended that the Court consider the following unadjudicated offenses under Section 12.45 P.C.: _____

_____ It is recommended that prosecution proceed only on the lesser-included offense of: _____

OTHER RECOMMENDATIONS: _Consider & dismiss unindicted Burglary of_ _a habitation from 2011. Credit for all time served since_ _9-2-11. Run concurrent with 2011-F-00150._

## AGREEMENT

It is agreed by the Defendant, the attorney for the defendant, and the Attorney for the state that the punishment recommendations outline above may be considered by the Court when assessing punishment in this case.

Date of agreement: _____

_Ina M. Richardson_
ATTORNEY FOR STATE

_Roy D. Bristow_
DEFENDANT

_J T. aux II_
ATTORNEY FOR DEFENDANT

## ORDER APPROVING AGREEMENT

The Court accepts and approves the foregoing agreement between the State and the Defense and will assess punishment within the range of the agreement.

_Ralph K. Burgess_



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,011-02

### EX PARTE ROY DURWOOD BRISTOW, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2011F00150-A IN THE 5TH DISTRICT COURT
### FROM CASS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of arson and sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant contends that pursuant to the plea agreement, he would receive pre-sentence credit for time served since September 2, 2011. According to the judgment, he was credited with one day of pre-sentence time. He now contends that the plea agreement was breached.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As



Bill Miller
Judge Presiding
5th Judicial District Court

March 24, 2015

Mr. Abel Acosta
Clerk of the Court
Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

      Re:    Bristow, Roy Durwood
             CCA No. WR-81,011-02
             Trial Court Case No. 2011F00150-A

Dear Mr. Acosta:

I am in receipt of your correspondence dated March 12, 2015 regarding the above referenced matter. Please accept this correspondence as a Motion for Extension of Time to produce a supplemental record on this matter as remanded for a determination of additional facts.

Your correspondence of March 12, 2015 is the first time this matter has been brought to my attention. On January 8, 2015, I was appointed to fill the vacancy left by Judge Ralph Burgess who assumed the duties of his office on the 6th Court of Appeals January 1, 2015. I have spoken to Justice Burgess and he indicates he has no present recollection of the Writ or the Court's remand for further proceedings. As indicated, this judge was not aware of the remand that was issued prior to assuming the duties of this office. Like the trial court, the District Clerk and District Attorney only assumed office on January 1, 2015 and neither of them has indicated they were aware of this pending matter prior to your letter of March 12, 2015. Accordingly, please present this correspondence to the Court for an extension of time to comply with the Court's remand for determination of additional facts.

Should you have any further questions for the trial court, please do not hesitate to contact me.

Very Truly Yours,

Bill Miller, Judge Presiding
5th Judicial District Court

WWM/
cc: Cass County District Clerk
     Cass County District Attorney's office
     Roy Durwood Bristow